# EXHIBIT A-1

JS 44 (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kia Shelley

**DEFENDANTS**

Dollar Tree Stores, Inc. (incorrectly named as both "Dollar Tree, Inc." and "Dollar Tree Stores, Inc.")

**(b)** County of Residence of First Listed Plaintiff   Collin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Commonwealth of Virginia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

See attachment.

Attorneys *(If Known)*

See attachment.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government Plaintiff
❏ 3   Federal Question *(U.S. Government Not a Party)*
❏ 2   U.S. Government Defendant
☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1 Original Proceeding
☒ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from Another District *(specify)*
❏ 6 Multidistrict Litigation - Transfer
❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1441; 28 U.S.C. 1332(a)

Brief description of cause:
Premises Liability Personal Injury

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE      DOCKET NUMBER

DATE
08/15/2018

SIGNATURE OF ATTORNEY OF RECORD
Kenneth C. Riney /s/ Kenneth C. Riney

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

Additional page to Civil Cover Sheet

**I.(c) Attorneys for Plaintiff**

Kristina N. Kastl, State Bar No. 24025467
KASTL LAW, P.C.
4144 N. Central Expressway, Suite 300
Dallas, Texas 75204
(214) 821-0230
kkastl@kastllaw.com

**Attorneys for Defendant**

Kenneth C. Riney, State Bar No. 24046721
Nicole T. Herron, State Bar No. 24101907
KANE RUSSELL COLEMAN LOGAN PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 777-4200
kriney@krcl.com
nherron@krcl.com

# *Judicial Docket Entries*

### *Cause No. 18-5793-393*

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE

SHERRI ADELSTEIN

DENTON COUNTY CLERK

8/13/18
Date

By:

Deputy Clerk

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                    Location : All Courts   Images Help

# REGISTER OF ACTIONS
## CASE NO. 18-5793-393

| Kia Shelley v. Dollar Tree, Inc., Dollar Tree Stores, Inc. | § | Case Type: | Premises |
| | § | Date Filed: | 07/05/2018 |
| | § | Location: | 393rd Judicial District Court |
| | § | Judicial Officer: | Robison, Douglas |
| | § | File Custody/Location: | District Clerk's Office |
| | § | | |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Dollar Tree Stores, Inc. | Kenneth C. Riney<br>*Retained*<br>214-777-4200(W) |
| Defendant | Dollar Tree, Inc. | Kenneth C. Riney<br>*Retained*<br>214-777-4200(W) |
| Plaintiff | Shelley, Kia | Kristina N Kastl<br>*Retained*<br>214-821-0230(W) |

---

### EVENTS & ORDERS OF THE COURT

OTHER EVENTS AND HEARINGS

| | |
|---|---|
| 07/05/2018 | Plaintiff's Original Petition<br>*, Jury Demand and Written Discovery Requests* |
| 07/05/2018 | Case Information Sheet |
| 07/05/2018 | Jury fee paid<br>*(This entry only represents the payment of the jury fee - not a document filed with the clerk.)*<br>By:  Shelley, Kia |
| 07/05/2018 | Request for Issuance of<br>*Citations* |
| 07/09/2018 | Citation<br>*e-served in envelope #25820861* |

| | | | |
|---|---|---|---|
| | Dollar Tree, Inc. | Unserved | |
| | Dollar Tree Stores, Inc. | Served | 07/16/2018 |
| | | Returned | 07/23/2018 |

| | |
|---|---|
| 07/09/2018 | Record/Copy Request |
| 07/23/2018 | Service Returned<br>*Citation for Dollar Tree Stores, Inc.* |
| 08/03/2018 | Defendant's Original Answer<br>*and Request for Disclosure*<br>Party:  Dollar Tree Stores, Inc.<br>Party:  Dollar Tree, Inc. |
| 08/03/2018 | Jury fee paid<br>*(This entry only represents the payment of the jury fee - not a document filed with the clerk.)*<br>By:  Dollar Tree Stores, Inc. |
| 08/13/2018 | Record/Copy Request |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant Dollar Tree Stores, Inc.** | | | |
| | Total Financial Assessment | | | 40.00 |
| | Total Payments and Credits | | | 40.00 |
| | Balance Due as of 08/15/2018 | | | 0.00 |
| 08/03/2018 | Transaction Assessment | | | 40.00 |
| 08/03/2018 | TexFile Payment | Receipt # 2018-21727 | Dollar Tree Stores, Inc. | (40.00) |
| | | | | |
| | **Plaintiff Shelley, Kia** | | | |
| | Total Financial Assessment | | | 343.00 |
| | Total Payments and Credits | | | 343.00 |
| | Balance Due as of 08/15/2018 | | | 0.00 |
| 07/05/2018 | Transaction Assessment | | | 327.00 |
| 07/05/2018 | TexFile Payment | Receipt # 2018-18525 | Shelley, Kia | (327.00) |
| 07/05/2018 | Transaction Assessment | | | 16.00 |
| 07/05/2018 | TexFile Payment | Receipt # 2018-18557 | Shelley, Kia | (16.00) |

FILED: 7/5/2018 10:51 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Velia Duong, Deputy

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

18-5793-393

STYLED   SHELLEY V. DOLLAR TREE, INC, ET AL.
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Monika D. Jenkins  **Email:** mjenkins@kastllaw.com | **Plaintiff(s)/Petitioner(s):** KIA  SHELLEY | [X] Attorney for Plaintiff/Petitioner  [ ] *Pro Se* Plaintiff/Petitioner  [ ] Title IV-D Agency  [ ] Other: |
| **Address:** 4144 N. Central Expressway Suite 300  **Telephone:** 214-821-0230 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Dallas Texas 75204  **Fax:** 214-821-0231 | **Defendant(s)/Respondent(s):** DOLLAR TREE, INC., and DOLLAR TREE STORES, INC. | Custodial Parent:  Non-Custodial Parent: |
| **Signature:** /s/ Monika D. Jenkins  **State Bar No** 24090756 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* [ ] Consumer/DTPA [ ] Debt/Contract [ ] Fraud/Misrepresentation [ ] Other Debt/Contract: | [ ] Assault/Battery [ ] Construction [ ] Defamation *Malpractice* [ ] Accounting [ ] Legal [ ] Medical [ ] Other Professional Liability: | [ ] Eminent Domain/ Condemnation [ ] Partition [ ] Quiet Title [ ] Trespass to Try Title [ ] Other Property: | [ ] Annulment [ ] Declare Marriage Void *Divorce* [ ] With Children [ ] No Children | [ ] Enforcement [ ] Modification—Custody [ ] Modification—Other |
| *Foreclosure* [ ] Home Equity—Expedited [ ] Other Foreclosure [ ] Franchise [ ] Insurance [ ] Landlord/Tenant [ ] Non-Competition [ ] Partnership [ ] Other Contract: | [ ] Motor Vehicle Accident [X] Premises *Product Liability* [ ] Asbestos/Silica [ ] Other Product Liability List Product: _____ [ ] Other Injury or Damage: | **Related to Criminal Matters** [ ] Expunction [ ] Judgment Nisi [ ] Non-Disclosure [ ] Seizure/Forfeiture [ ] Writ of Habeas Corpus— Pre-indictment [ ] Other: | **Title IV-D** [ ] Enforcement/Modification [ ] Paternity [ ] Reciprocals (UIFSA) [ ] Support Order | |
| | | | **Other Family Law** [ ] Enforce Foreign Judgment [ ] Habeas Corpus [ ] Name Change [ ] Protective Order [ ] Removal of Disabilities of Minority [ ] Other | **Parent-Child Relationship** [ ] Adoption/Adoption with Termination [ ] Child Protection [ ] Child Support [ ] Custody or Visitation [ ] Gestational Parenting [ ] Grandparent Access [ ] Parentage/Paternity [ ] Termination of Parental Rights [ ] Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| [ ] Discrimination [ ] Retaliation [ ] Termination [ ] Workers' Compensation [ ] Other Employment: | [ ] Administrative Appeal [ ] Antitrust/Unfair Competition [ ] Code Violations [ ] Foreign Judgment [ ] Intellectual Property | [ ] Lawyer Discipline [ ] Perpetuate Testimony [ ] Securities/Stock [ ] Tortious Interference [ ] Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| [ ] Tax Appraisal [ ] Tax Delinquency [ ] Other Tax | *Probate/Wills/Intestate Administration* [ ] Dependent Administration [ ] Independent Administration [ ] Other Estate Proceedings | [ ] Guardianship—Adult [ ] Guardianship—Minor [ ] Mental Health [ ] Other: |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court [ ] Arbitration-related [ ] Attachment [ ] Bill of Review [ ] Certiorari [ ] Class Action | [ ] Declaratory Judgment [ ] Garnishment [ ] Interpleader [ ] License [ ] Mandamus [ ] Post-judgment | [ ] Prejudgment Remedy [ ] Protective Order [ ] Receiver [ ] Sequestration [ ] Temporary Restraining Order/Injunction [ ] Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100, but not more than $200,000
[X] Over $200,000 but not more than $1,000,000
[ ] Over $1,000,000

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK

Rev 2/13

8/13/18   By: _____
Date              Deputy Clerk

FILED: 7/5/2018 10:51 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Velia Duong, Deputy

18-5793-393

CAUSE NO. _____

| | | |
|---|---|---|
| KIA SHELLEY | § | IN THE DISTRICT COURT OF |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | DENTON COUNTY, TEXAS |
| DOLLAR TREE, INC., | § | |
| DOLLAR TREE STORES, INC. | § | |
|     *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION,
## JURY DEMAND AND WRITTEN DISCOVERY REQUESTS

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** KIA SHELLEY, hereafter "Plaintiff", complaining of and about DOLLAR

TREE, INC. and DOLLAR TREE STORES, INC., hereafter "Defendants", and for her cause of

action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 3, pursuant to

Texas Rules of Civil Procedure 190.3.

### RELIEF

2.    Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

### PARTIES AND SERVICE

3.    Plaintiff, KIA SHELLEY, is an individual residing in Collin County, Texas.

4.    Pursuant to §30.014 of the Texas Civil Practice & Remedies Code, KIA SHELLEY

states that the last three numbers of her social security number are 019  and the last three digits of

her driver's license number are 585.

5.    Defendant, DOLLAR TREE, INC. is a foreign corporation and may be served with

process by serving its corporate secretary through the Texas Secretary of State at: **Corporate**

**Secretary, Dollar Tree, Inc., 500 Volvo Parkway, Chesapeake, VA 23320.**

6.      Defendant, DOLLAR TREE STORES, INC. is a foreign corporation and may be served with process by serving its registered agent: **Corporate Creations Network, Inc. 4265 San Felipe #1100, Houston, Texas 77027.**

7.      Whenever in this petition it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, and/or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of that Defendants or was done in the routine and normal course and scope of employment of that Defendants' officers, directors, vice-principals, agents, servants, and/or employees. Accordingly, Defendants had actual knowledge of all adverse actions and conduct against Plaintiff through Defendants' respective officers, directors, vice-principals, agents, servants, and/or employees.

## JURISDICTION AND VENUE

8.      The subject matter in controversy is within the jurisdictional limits of this court.

9.      Venue is proper in DENTON County, Texas pursuant to §15.002, et seq., of the Texas Civil Practices & Remedies Code, because all or a substantial part of the events or omissions occurred in DENTON County, Texas.

## FACTS

10.      On or about July 4, 2016 Plaintiff was a business invitee at Defendants' premises commonly known as Dollar Tree located at 4858 TX-121, The Colony, TX 75056.  At all times material hereto, Defendants owned, operated, and controlled DOLLAR TREE located at 4858 TX-121, The Colony, TX 75056.  Said Defendants also managed and maintained the premises in question.

11.     On said occasion, Plaintiff was shopping at DOLLAR TREE and was walking on very slippery waxed floors when she slipped and fell. The fall caused Plaintiff to suffer serious injuries.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANTS

12.     Defendants, as owners, occupiers or controllers of the premises in question, and by and through their employees and/or actual, apparent, ostensible or estoppel agents and/or representatives, at all times material hereto, owed a duty to use that degree of care that would be used by and owner or occupier of ordinary prudence under the same or similar circumstances. Defendants breached this duty and were negligent and such negligence was the proximate cause of Plaintiff's injuries and damages.

13.     Plaintiff will further show that:

    a.     The extremely slick floors posed an unreasonable risk of harm;

    b.     Defendants knew or reasonably should have known of the danger, and

    c.     Defendants failed to exercise ordinary care to protect Plaintiff by failing to adequately warn plaintiff about the condition **and** by failing to make the condition reasonably safe.

14.     It was necessary for Plaintiff to use Defendants' floors.

15.     Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

## DEFENDANTS – RESPONDEAT SUPERIOR

16.     Under the theory of *Respondeat superior*, Defendants are liable for the actions of their agents, servants and/or employees acting within the course and scope of their authority as agents, servants and/or employees of Defendants when the negligence occurred.

## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

17.     Defendants had a legal duty to hire, supervise, train, and retain competent employees.

18.     Defendants breached the duty when they negligently hired, supervised, trained, and retained their employees regarding slick floors on the premises.

19.     Defendants' breach of their duty to hire, supervise, train, and retain competent employees proximately caused injury to Plaintiff.

## DAMAGES

20.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered injuries and was further caused to incur the following damages:

     a.     Medical care expenses incurred in the past.

     b.     Medical care expenses that in all reasonable probability will be incurred in the future;

     c.     Physical pain and mental anguish sustained in the past;

     d.     Physical pain and mental anguish which will in all reasonable probability be sustained in the future;

     e.     Physical impairment sustained in the past;

     f.     Physical impairment which will in all reasonable probability be sustained in the future;

     g.     Lost earnings, past and future.

## JURY DEMAND

21.     Plaintiff hereby demands a trial by jury on all issues herein and tenders the appropriate jury fee with this original petition.

## CONDITIONS PRECEDENT

22.     Plaintiff has met all conditions precedent to filing this lawsuit.

### INTENT TO USE DEFENDANTS' DOCUMENTS

23.     In accordance with Texas Rules of Civil Procedure 193.7, any documents produced by Defendants in response to written discovery will be used by Plaintiffs at any pre-trial proceeding or trial.

### REQUESTS FOR DISCLOSURE AND
### WRITTEN DISCOVERY REQUESTS

24.     Pursuant to Rule 194, Defendants are hereby requested to disclose the information or material described in Rule 194.2 (a)-(l) within 50 days of the service of this request.  Under Texas Rules of Civil Procedure 196, 197, 198 and 193.3 (b), Plaintiff requests that Defendants, within 50 days of service of this request, respond to Plaintiff's First Set of Written Discovery to Defendants (Interrogatories, Requests for Admissions, Request for Production and Request for Privilege Log), made a part of this petition as Exhibit "A.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for monetary relief over $200,000 but not more than $1,000,000 which is within the jurisdictional limit of the Court; together with pre-judgment and post-judgment interest from the date of injury until the time the judgment is paid at the maximum legal rate allowed by law, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**KASTL LAW, P.C.**

*/s/ Kristina N. Kastl*

_____

**Kristina N. Kastl**
State Bar No.: 24025467
Email:  kkastl@kastllaw.com
4144 N. Central Expressway, Suite 300
Dallas, Texas 75204
Telephone:     (214) 821-0230
Facsimile:      (214) 821-0231

**Attorneys for Plaintiff**

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK

8/13/19
Date

By: _____
Deputy Clerk

## EXHIBIT A

## DEFINITIONS

1.      "Premises" shall refer to the Dollar Tree located at 4858 TX-121, The Colony, TX 75056.

2.      "You," and "Your," and "Defendant(s)" shall mean the responding Defendant either, DOLLAR TREE, INC. or DOLLAR TREE STORES, INC., as captioned in Plaintiff's Original Petition, and all other persons or entities acting on their behalf and all employees who work on their behalf in the course and scope of your employment and in furtherance of your business. "You" also includes any agent that acts on your behalf.

3.      "Lawsuit" and "case" refer to the above-numbered and entitled lawsuit.

4.      "Person" and "witness" means the plural as well as the singular and includes: natural persons, governmental agencies, municipalities, departments, units, or any subdivisions, corporations, firms, associations, partnerships, joint ventures, or any other form of business entity.

5.      The terms "and" and "or" as used herein are to be interpreted both disjunctively and conjunctively.

6.      "Document" and "documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) written or graphic matter, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to, printed, typewritten, emails and computer printed or written matter, and mechanical, magnetic and electronic recordings and shall include, without limitation, letters, telegrams, cablegrams, telex messages, TWX messages, correspondence, notations, work papers, transcripts, corporate books or minutes, reports, memoranda studies, summaries, agendas, bulletins, records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavtheir, statements, statistical diagrams, records, lists, tabulations, memoranda, notes, diaries, calendars, calendar, pads, newspaper clippings, appointment books or records, reports, worksheets, printed business forms, expense account reports or records, contracts, agreements, accounting records (including loan history), promissory notes, security agreements, pledge agreements, guaranties, loan agreements, credit reports, loan applications, financial statements, loan memoranda, private placement memoranda, bank statements, certificates of deposit, letters of credit, bids, quotations, proposals, bills, invoices, statements and other books, records, papers, copies, and drafts and proposed forms of any of such items or matters, or tapes, disks, sound records, computer printouts, data processing input and output, microfilm, microfiche, all other records kept by electronic, photographic, or mechanical means, and items similar to all of the foregoing which were prepared by you or for you, or which are in or subject to your possession, custody, or control. The term "document" shall also include all "writings and recordings" as defined by Rule 1001 of the Texas Rules of Civil Evidence.  If any tape, disk, card, wire, or other

electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out, and/or interpretation thereof, and any other documents which are necessary to convert such information into a useful and usable format.  If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original.

7.      "Identify," as used herein with respect to a person, means to provide the name, address, and telephone number of such person.

8.      "Identify," as used herein with respect to a document, means to state with respect to such document sufficient detail to permit another party to this lawsuit to locate and identify as readily as can you, such document.   Such information and detail might include for each document: (i) the name of the person who prepared it, (ii) the name of the person who signed it, or over whose name it was issued, (iii) the name of each person to whom it was addressed and/or sent or distributed, (iv) the general type of such documents (e.g., letter, memorandum, contract, etc.), (v) the date of such document, or if it bears no date, the date on or about which it was made or prepared, (vi) the physical location of such document, and (vii) the name and address of the persons having possession, custody, or control of such document.   In lieu of providing such information and detail, you may attach such document to your answer to these discovery requests and indicate for which Interrogatory each document is applicable.

9.      "Plaintiff" or "Plaintiff" shall mean the person(s) captioned and identified as Plaintiff(s) in Plaintiff's Original Petition filed in this matter; except to the extent that these Discovery Requests are being served by Plaintiff, KIA SHELLEY.

10.     "Negligence" means failure to use ordinary care.

11.     "Ordinary Care" with respect to an owner or occupier of a premises means that degree of care that would be used by an owner or occupier of ordinary prudence under the same or similar circumstances.

12.     "Proximate Cause" means the cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that an owner or occupier of a premises using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

13.     The "incident in question" or "incident" shall refer to the slip and fall incident more specifically described Plaintiff's Original Petition.

## FIRST SET OF INTERROGATORIES

A.     Plaintiff, pursuant to TRCP 197, serves the attached Interrogatories to be propounded to Defendant. These questions are being served upon you, the Defendant, and you are notified that Plaintiff specifies that the answers shall be served fifty (50) days after service of this request. These interrogatories shall be answered separately and fully in writing under oath and signed by the person making them.

## INSTRUCTIONS

1.     The Interrogatories are to be answered separately and fully in writing, be signed under oath, and delivered to the Plaintiff's counsel within fifty (50) days after service hereof. The answers shall be preceded by the question or interrogatory to which the answer pertains.

2.     These Interrogatories seek answers current to the date of response. Pursuant to the Rules, you are under a duty to supplement your answers, and these Interrogatories shall be deemed continuing in nature to require such supplementation of all additional information as may hereafter be obtained by you, or by any person on your behalf, between the time answers are served and the time of trial.

3.     If any answer is refused in whole or in part on the basis of a claim of privilege or exemption, state the following: (a) the nature of the privilege/exemption claimed; (b) the general nature of the matter withheld (e.g., item of conversation of the withheld information, name of originator); (c) name(s) of person(s) to whom the information has been imparted; and (d) the extent, if any, to which the information will be provided subject to the privilege/exemption.

## INTERROGATORIES

1.     Please identify the person or persons responding to these Interrogatories on behalf of the Defendant, and identify each person who has provided information in connection with these Interrogatories.

2.     Identify the owner of the premises.

3.     Identify the party who was responsible for maintenance of the floors on the premises.

4.     Identify any person not already named as a party to this lawsuit whom you contend caused or contributed to the occurrence complained of, including any architect, engineer, designer, contractor, subcontractor or others.

5.     Identify each person with whom you are aware that:

a.     Witnessed the incident or the events occurring immediately before or after the incident; and/or who

      b.      Heard any statements made about the incident by any individual at the scene.

6.      Identify each employee, agent, independent contractor with personal knowledge of the incident.

      a.      For each such individual, identify his or her job title and job or function which was being performed by that individual at the time of the incident.

7.      Identify each person interviewed concerning the incident? For each such person, state:

      a.      The date of the interview, and

      b.      The substance of the interview.

If the interview was recorded and/or transcribed, a reproduction of the recording and/or transcript will suffice.

8.      Identify each and every written report made by any person concerning the incident.

9.      Please state, in your own words, what you believe happened to Plaintiff during this incident on July 4, 2016 and include in your Answer the basis upon which you have formed that belief.

      a.      Identify each person (excluding your attorney) who provided you with information which enabled you to respond to this Interrogatory.

10.      Please identify your correct legal entity and identify stating the date on which such entity was formed, the State of incorporation, the name(s) and address(es) of all officers, directors, general partners, limited partners and all other parties with any interest in your organization.

11.      Identify any previous or subsequent incidents of which you are aware which occurred in substantially the same manner as the incident complained of in this lawsuit.

12.      Identify in detail any changes that have been made by you, or anyone on your behalf, as to the physical site of the incident or as to any warnings or signs relating thereto since the occurrence in question.

13.      Identify any procedures which you followed, at and before the time of the incident in question, concerning the inspection, repair and cleaning of the floor where Plaintiff's injuries occurred.

14.      Identify any warnings, whether verbal or written (such as by a sign, or otherwise) which were given to the Plaintiff, specifically, and/or to business invitees, in general, before the incident concerning the condition which caused or contributed to the incident complained of in this lawsuit.

15.      Identify any admission(s) or declaration(s) against interest which you contend was made by the Plaintiff following the incident in question.

16.      Identify the date on which you were first notified of the fact that the floor was slick and identify the manner by which you became aware of this information.

17.      At the time of Plaintiff's injury, do you contend that any person or entity other than you managed the premises on which Plaintiff alleges he was injured and, if so, state each and every fact on which you base the contention and identify each and every writing that supports the contention?

18.      At the time of Plaintiff's injury, do you contend that any person or entity other than you and your employees and agents was responsible for the maintenance of the premises and, if so, state each and every fact on which you base your contention and identify each and every writing that supports the contention?

19.      Describe in detail any conversations any representative has had with the Plaintiff prior to or following the incident in question.

20.      What efforts were made by the Defendant to correct the condition which caused the occurrence in question after the incident in question?

21.      Please describe what training procedures, if any, are followed in the course of training of Defendants' employees with regard to business invitees suffering injuries on the premises. This includes any and all written material, slides, photographs, films, videotapes, etc. which Defendant utilizes in training their employees

## REQUEST FOR ADMISSIONS

B.      Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following Request for Admissions to Defendant. Defendant are requested to respond fully, in writing, and in accordance with Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE. The admissions requested are to be responded to fifty (50) days after service of this request. The failure to answer within the prescribed period may result in the Admissions being deemed admitted by the aforementioned Court. If you fail to admit a matter upon which Plaintiff later has to prove at her expense, you may have to pay for the costs of such proof if you do not have good cause for admitting the request when such request was served.

**ADMISSION NO. 1:**  Admit you have been properly named in Plaintiff's Original Petition.

**ADMISSION NO. 2:**  Admit you are a proper party.

**ADMISSION NO. 3:**  Admit the Court has subject matter and personal jurisdiction over you.

**ADMISSION NO. 4:**  Admit venue is proper in DENTON County, Texas.

**ADMISSION NO. 5:**  Admit you were properly served with process.

**ADMISSION NO. 6:**  Admit you breached a duty to Plaintiff.

**ADMISSION NO. 7:**  Admit all allegations in Plaintiff's Original Petition are factually correct.

**ADMISSION NO. 8:**  Admit Plaintiff suffered physical pain and mental anguish as a result of your negligence.

**ADMISSION NO. 9:**  Admit that Plaintiff did nothing to cause or contribute to the incident in question.

**ADMISSION NO. 10:**  Admit that the incident in question occurred as alleged in Plaintiff's Original Petition.

**ADMISSION NO. 11:**  Admit that Plaintiff has incurred past medical expenses as a direct result of the injuries that he sustained during the incident in question.

**ADMISSION NO. 12:**  Admit that the past medical services referenced in the previous request for admission were necessary, reasonable and customary for the services at the time and place that those services were provided to Plaintiff.

**ADMISSION NO. 13:**  Admit that the incident was recorded by video cameras on the premises.

**ADMISSION NO. 14:**  Admit that you are in possession and control of video footage of the incident.

**ADMISSION NO. 15:**  Admit that you have failed to retain video footage of the incident.

## REQUEST FOR PRODUCTION

C.     Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following requests for Production of Documents on Defendant. Defendants are requested to respond fully, in writing, and in accordance with TRCP 196. The documents requested are to be produced to Plaintiff's counsel within fifty (50) days after service of this request. You are further advised that you are under a duty to reasonably supplement your answer.

**NOTE:   For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request.**

**REQUEST NO. 1:**   Photographs, slides, videotapes and/or motion pictures:  All photographs, slides, videotapes and/or motion pictures which are in any way relevant to Plaintiff, Plaintiff's injuries and damages, the scene of the incident made the basis of this suit, Plaintiff's causes of action and Defendant' defenses, including, drawings, graphs, charts, and electronic data.

**REQUEST NO. 2:** Correspondence/Emails/Electronic Data Between Plaintiff and Defendant:

Correspondence, emails, hand-written notes and/or electronic data exchanged between you and/or your employees, agents, or servants and Plaintiff and Plaintiff's agents and/or representatives regarding anything related to the incident in question, no matter how remote.

**REQUEST NO. 3:** Statements: Written, taped or transcribed statements from the Plaintiff, Defendant' agents, servants, employees, or representatives, and of any eyewitness relevant to the incident made the basis of this lawsuit.

**REQUEST NO. 4:** Documents supporting contention you are not liable. All documents that support your contention that you are not responsible for the Plaintiff's damages.

**REQUEST NO. 5:** Evidence at trial. All documents and/or tangible things that you anticipate offering into evidence at the trial of this case.

**REQUEST NO. 6:** Documents relied upon to answer Interrogatories. Documents, photographs, videos, and tangible things you identified and/or relied upon, if even in part, in answering the above discovery requests.

**REQUEST NO. 7:** Footage of Plaintiff. Please produce all raw footage, surveillance footage, videos, pictures, or drawings you have documenting the Plaintiff.

**REQUEST NO. 8:** Investigative materials. A true and correct copy of any and all investigation materials regarding the incident made the basis of this suit.

**REQUEST NO. 9:** DWQ - Copies of any and all depositions on written questions (with accompanying records) obtained in this litigation.

**REQUEST NO. 10:** Accident/Incident Reports - All accident or incident reports prepared by you and/or any governmental agency regarding the incident in question.

**REQUEST NO. 11:** Other Lawsuits - Any and all documentation reflecting other lawsuits in which you have been involved in the past 5 years.

**REQUEST NO. 12:** Consulting Expert Please produce your consulting expert's entire file, including but not limited to, all correspondence, bills, memoranda, graphs, charts, work notes, written notes, calculations, estimations and any and all documents and/or other materials supplied to and/or received from any consulting expert. For purposes of this Request, a "consulting expert" is one whose work product forms the basis, either in whole or in part, of the opinions of an expert who may be called to testify in any trial of this cause.

**REQUEST NO. 13:** Documents Reviewed by a Testifying Expert(s) - Any and all records, electronic data, photographs, videotaped materials and all other tangible matters reviewed by an expert who is expected to be called to testify at the time of the trial of this case, including such expert(s) report.

**REQUEST NO. 14:** Documents Reviewed by a Consulting Expert(s) - Any and all records,

electronic data, photographs, videotaped materials and all other tangible matters reviewed by a consulting expert whose mental impressions and opinions have been reviewed by a testifying expert relevant to this lawsuit, including such consulting expert(s) report.

**REQUEST NO. 15:** Retainer Agreement, Invoices &/or Statements – Testifying Expert(s) - Any and all retainer agreements, invoices, statements, and all other tangible matters reflecting your testifying expert(s) fees, retainer, and/or payments made to such expert(s) relevant to this lawsuit.

**REQUEST NO. 16:** Retainer Agreement, Invoices &/or Statements – Consulting Expert(s) - Any and all retainer agreements, invoices, statements, and all other tangible matters reflecting fees charged, retainer, and/or payments made to such consulting expert(s) whose mental impressions and opinions have been reviewed by a testifying expert relevant to this lawsuit.

**REQUEST NO. 17:** Training Materials - Any and all training materials related to safety procedures and safekeeping of the floors on the premises at the time of the incident.

**REQUEST NO. 18:** Employee Handbooks/Manuals - Any and all Employee handbooks and Employee Manuals related to safety processes and procedures.

**REQUEST NO. 19:** Investigative materials. For the five (5) years prior to this incident, a true and correct copy of any and all investigation materials regarding any similar incidents on the premises.

**REQUEST NO. 20:** Depositions - Copies of any and all depositions of Plaintiff.

**REQUEST NO. 21:** Accident/Incident Reports - For the five (5) years prior to this incident, all accident or incident reports prepared by you and/or any governmental agency regarding any similar incidents on the premises.

**REQUEST NO. 22:** Any and all documents pertaining to training that was given to your employees, with regard to customer safety. This includes any and all written material, slides, photographs, films, videotapes, etc. which Defendant utilizes in training their employees.

**REQUEST NO. 23:** Any and all documents pertaining to the materials used to clean and wax the floors of the premises on the date of this incident.

**REQUEST NO. 24:** Any and all documents pertaining to any rules, regulations, policies, guidelines, or industry standards which govern floor cleanliness and safety on Defendants' premises. (i.e. – ANSI standards, OSHA, etc.).

**REQUEST NO. 25:** For the five (5) years preceding the incident in question, any and all documents pertaining to each and every inspection and or safety audit that was performed on Defendants' premises. Please include the date of the inspection, the party performing the inspection, the results of the inspection, and post-inspection recommendations and any subsequent actions taken by you in response.

## REQUEST FOR PRIVILEGE LOG

D.   Privilege Log:   Defendant is requested to respond fully, in writing.   The documents requested are to be produced to Plaintiff's counsel within fifty (50) days after service of this request.   You are further advised that you are under a duty to reasonably supplement your answer.   If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered. Specifically do the following:

(a) Detail the privilege asserted;

(b) The title of the document(s) upon which the privilege is asserted;

(c) The General item of the document(s) upon which you claim there is a privilege;

(d) Identify the location and custodian of the document(s)

(e) Brief Description why, in your view, the privilege shields the document from discovery; and

(f) Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

## CITATION —TRC 99 and 106

THE STATE OF TEXAS                                                        COUNTY OF DENTON

### CAUSE NO. 18-5793-393

**TO: Dollar Tree Stores, Inc., by serving Corporate Creations Network, Inc., 4265 San Felipe #1100, Houston, Texas 77027 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 393rd Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 18-5793-393 |
| Date of Filing: | July 05, 2018 |
| Document: | Plaintiff's Original Petition, Jury Demand and Written Discovery Requests |
| Parties in Suit: | Kia Shelley; Dollar Tree, Inc.; Dollar Tree Stores, Inc. |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | Kristina N. Kastl<br>4144 N. Central Expressway, Suite 300, Dallas, Texas 75204 |

Issued under my hand and seal of this said court on this the 9th day of July, 2018.

Sherri Adelstein, District Clerk
Denton, Denton County, Texas

BY: _____, Deputy

Cameron Welter

---

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____ m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____

_____ in person  a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, Jury Demand and Written Discovery Requests at _____.

Service Fee: $ _____                    _____ Sheriff/Constable
                                                              _____ County, Texas

Service ID No. _____                _____
                                                              Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.   I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day  of _____, 20___

_____ Notary Public

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE

SHERRI ADELSTEIN
DENTON COUNTY CLERK

8/13/18
Date

By: _____
Deputy Clerk

## CITATION –TRC 99 and 106

THE STATE OF TEXAS                                                  COUNTY OF DENTON

### CAUSE NO. 18-5793-393

**TO: Dollar Tree, Inc., by serving the Texas Secretary of State and by forwarding to Defendant at: Corporate Secretary, Dollar Tree, Inc., 500 Volvo Parkway, Chesapeake, VA 23320 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 393rd Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 18-5793-393 |
| Date of Filing: | July 05, 2018 |
| Document: | Plaintiff's Original Petition, Jury Demand and Written Discovery Requests |
| Parties in Suit: | Kia Shelley; Dollar Tree, Inc.; Dollar Tree Stores, Inc. |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | Kristina N. Kastl<br>4144 N. Central Expressway, Suite 300, Dallas, Texas 75204 |

Issued under my hand and seal of this said court on this the 9th day of July, 2018.

Sherri Adelstein, District Clerk
Denton, Denton County, Texas
By_____Deputy
Cameron Welter

---

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the  within  named

_____

_____ in person  a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, Jury Demand and Written Discovery Requests at

_____.

Service Fee: $ _____              _____ Sheriff/Constable

                                         _____ County, Texas

Service ID No. _____              _____
                                         Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.   I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20___

_____ Notary Public

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE

SHERRI ADELSTEIN

DENTON COUNTY CLERK

8/13/18          By:_____
Date                          Deputy Clerk

FILED: 7/23/2018 4:11 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Sherri Adelstein, Deputy

## CITATION –TRC 99 and 106

THE STATE OF TEXAS                                                    COUNTY OF DENTON

### CAUSE NO. 18-5793-393

**TO: Dollar Tree Stores, Inc., by serving Corporate Creations Network, Inc., 4265 San Felipe #1100, Houston, Texas 77027 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 393rd Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 18-5793-393 |
| Date of Filing: | July 05, 2018 |
| Document: | Plaintiff's Original Petition, Jury Demand and Written Discovery Requests |
| Parties in Suit: | Kia Shelley; Dollar Tree, Inc.; Dollar Tree Stores, Inc. |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | Kristina N. Kastl<br>4144 N. Central Expressway, Suite 300, Dallas, Texas 75204 |

Issued under my hand and seal of this said court on this the 9th day of July, 2018.

Sherri Adelstein, District Clerk
Denton, Denton County, Texas

BY: _____, Deputy
Cameron Welter

---

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the   within   named _____ in person a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, Jury Demand and Written Discovery Requests at _____.

Service Fee: $ _____          _____ Sheriff/Constable
                                        _____ County, Texas

Service ID No. _____          _____
                                            Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.   I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20__
                                        _____ Notary Public

## RETURN OF SERVICE

**State of Texas**                    **County of Denton**                    **393rd District Court**

Case Number: 18-5793-393

Plaintiff:
**Kia Shelley**

vs.

Defendant:
**Dollar Tree, Inc, et al.**

Received these papers on the 9th day of July, 2018 at 4:24 pm to be served on **Dollar Tree Stores, Inc by serving Corporate Creations Network, Inc, 4265 San Felipe #1100, Houston, TX 77027.**

I, Bryon Welch, do hereby affirm that on the **16th day of July, 2018 at 11:53 am, I:**

am a Certified Process Server authorized under Order of the Supreme Court of Texas to serve process in this cause. I am over (18) years of age, of sound mind, and not a party to or interested in the above suit. I have personal knowledge of the facts contained herin and each is true and correct. The **Citation and Plaintiff's Original Petition, Jury Demand, and Written Discovery Requests** was delivered via the United States Postal Service to Dollar Tree Stores, Inc by serving Corporate Creations Network, Inc at the address of **4265 San Felipe #1100, Houston, TX 77027** via cetified mail return receipt requested article number **70172680000035576870,** accepted on **7/16/2018** at **11:53 am.**

"My name is Bryon Welch, my date of birth is 08/09/1971 and my address is PO Box 272 Arlington, Texas 76004, USA. I declare under penalty of perjury that the foregoing is true and correct. Executed in Tarrant County, State of Texas, on the _19_ day of _July_, 2018.
_____Bryon Welch_____ Declarant"

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK

8/13/18
Date          By: _____ Deputy Clerk

_____Bryon Welch_____

**Bryon Welch**
PSC#5954  EXP 10/31/18

Our Job Serial Number: ALT-2018000684

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dollar Tree Inc by Serving the Texas
Secretary of state
PO BOX 12079
Austin Tx 78711

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 3530 7275 5262 92

2. Article Number *(Transfer from service label)*

7017 2680 0000 3557 6870

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

11:53 am

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

Comptroller Mail

JUL 16 2018

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted D

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Retu

FILED: 8/3/2018 3:54 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Kelly Smith, Deputy

CAUSE NO. 18-5793-393

| | | |
|---|---|---|
| KIA SHELLEY, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | DENTON COUNTY, TEXAS |
| DOLLAR TREE, INC., | § | |
| DOLLAR TREE STORES, INC. | § | |
| | § | |
| | § | |
| | § | 393rd JUDICIAL DISTRICT |
| Defendants. | § | |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Dollar Tree Stores, Inc. (incorrectly named as both "Dollar Tree, Inc." and "Dollar Tree Stores, Inc.") (hereinafter "Defendant") and files their Original Answer as follows:

### I.
### GENERAL DENIAL

Defendant places in issue all matters contained in Plaintiff's Original Petition and any amendments thereto, by general denial, pursuant to Rule 92 of the Texas Rules for Civil Procedure.

### II.
### JURY DEMAND

Defendant respectfully demands a trial by jury.

### III.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby places Plaintiff on notice of its intent to use all documents produced by Plaintiff in response to written discovery in all pretrial proceedings and/or at trial of the above-entitled and numbered cause.

### IV.

Pursuant to Rule 609(f) of the Texas Rules of Evidence, Defendant hereby places Plaintiff on notice of its intent to use evidence of criminal convictions, if any, at trial of the above-entitled and numbered cause.

### V.

Defendant invokes the limitation on liability for medical or health care expenses as provided by section 41.0105 of the Texas Civil Practice and Remedies Code. Specifically, Plaintiff is limited to recovery of medical or health care expenses actually paid or incurred by or on behalf of Plaintiff.

### VI.

Defendant further pleads that Plaintiff's damages with respect to loss of earnings and/or loss of earning capacity, if any, are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law, pursuant to section 18.091 of the Texas Civil Practice and Remedies Code.

### VII.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant hereby requests that Plaintiff disclose the information set forth in items (a) – (l) of Rule 194.2 of the Texas Rules of Civil Procedure within thirty (30) days after service of this Request.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Dollar Tree Stores, Inc. prays that Plaintiff Kia Shelley take nothing by her suit, that Defendant recover all costs, and for such other and further relief to which Defendant may show itself to be justly entitled, both at law and in equity.

---

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**


By: /s/ *Kenneth C. Riney*
    Kenneth C. Riney
    State Bar No. 24046721
    E-mail: kriney@krcl.com
    Nicole T. Herron
    State Bar No. 24101907
    E-mail: nherron@krcl.com

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas  75201
Telephone:   (214) 777-4200
Facsimile:    (214) 777-4299

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of foregoing has been served upon counsel of record this 3rd day of August 2018.

**VIA E-SERVICE**
Kristina N. Kastl
4144 N. Central Expressway, Suite 300
Dallas, Texas 75204
Kkastl@kastllaw.com

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE

SHERRI ADELSTEIN

DENTON COUNTY CLERK

8/13/18
Date

By:

Deputy Clerk

/s/ *Kenneth C. Riney*
Kenneth C. Riney